**IN THE UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF ILLINOIS**
**WESTERN DIVISION**

| | |
|---|---|
| Genworth Life Insurance Co., *Plaintiff,* *v.* Marion C. Roberts, et al., *Defendants.* | Case No. 3:25-cv-50005 Honorable Michael F. Iasparro |

**REPORT AND RECOMMENDATION**

For the reasons stated below, it is this Court's report and recommendation that Genworth's motion for default judgment [34] and Defendant Roberts' motion for release of funds [48] be granted as modified. Any objection to this report and recommendation must be filed by 3/4/2026. *See* Fed. R. Civ. P. 72(b). The failure to file a timely objection may result in the waiver of objections on appeal. *See Provident Bank v. Manor Steel Corp.*, 882 F.2d 258, 260-61 (7th Cir. 1989). The Clerk is directed to mail a copy of this report and recommendation to Defendant Marion C. Roberts and to Defendant Amy Suzanne Burgett at the address where she was served: 1710 Larabie Ct, Brandon, FL 33511. Dkt. 14.

**STATEMENT**

This is an interpleader action brought by Plaintiff Genworth Life Insurance Company to resolve competing claims to payments due under an annuity agreement upon the death of James Lubinski, one of the annuitants. Dkt. 1. Genworth brings this interpleader action pursuant to 28 U.S.C. §§ 1335, 1397, and 2361. *Id.* ¶ 4.

James Lubinski and Marion C. Roberts entered into an annuity agreement with GE Life and Annuity Assurance Company, Genworth's predecessor, on April 30, 2004 (the Annuity). Dkt. 1, ¶¶ 4, 6. The Annuity provides guaranteed minimum income payments for forty years beginning on April 30, 2014 (the Annuity Payments). *Id.* ¶¶ 8, 10. Lubinski was named the "Individual Annuitant," Roberts was named the "Individual Joint Annuitant," and Amy Suzanne Burgett was named the "Primary Beneficiary." *Id.* ¶¶ 6-7.

On March 13, 2024, Roberts notified Genworth of Lubinski's death and Genworth began disbursing the Annuity Payments to Roberts in April 2024. Dkt. 1, ¶¶ 15-16. On July 15, 2024, Burgett sent Lubinski and Roberts' marital settlement agreement to Genworth which provided

1

in relevant part that Roberts would have no interest in the benefits of the Annuity. *Id.* ¶ 17. Genworth then notified Roberts that future payments would be made to Burgett. *Id.* ¶ 18. In response, Roberts asserted that her agreement to waive her interest in the Annuity was based on false information provided by Lubinski. *Id.* ¶ 19. Because of these conflicting claims, Genworth halted all Annuity Payments in July 2024. *Id.* ¶ 21.

Now pending before the Court is Genworth's motion for default judgment against Defendant Burgett and Defendant Roberts' motion for release of funds. Dkt. 34, 48. Before turning to the merits of either motion, the Court must first determine that interpleader is warranted based on Genworth's "reasonable fear of double liability or conflicting claims." *Aaron v. Mahl*, 550 F.3d 659, 663 (7th Cir. 2008). As described above, Roberts and Burgett have each claimed entitlement to the Annuity Payments with "a minimal threshold level of substantiality." *Id.* (internal quotation marks and citation omitted). Thus, there is a reasonable possibility of conflicting claims and interpleader is justified. *See Nationwide Mut. Fire Ins. Co. v. Eason*, 736 F.2d 130, 133 n.4 (4th Cir. 1984) (confirming that interpleader is appropriate even where "all but one named interpleader defendant defaulted").

The Court now turns to the merits of Genworth's motion for default judgment against Burgett. This Court has jurisdiction over the subject matter of this case and the parties. Venue is also proper in this District. Genworth served Burgett by substitute abode service on March 3, 2025. Dkt. 14. Accordingly, the deadline for Burgett to answer or otherwise respond to the complaint was March 24, 2025. To date, Burgett has not responded to the complaint or otherwise participated in this litigation. On April 4, 2025, Genworth filed a motion for entry of default against Burgett. Dkt. 18. Burgett is not a minor, incompetent person, or in active military service. Dkt. 19-1. The court granted Genworth's motion, and an order of default was entered against Burgett. Dkts. 23-24. Since that time, Burgett has not moved to set aside the entry of default and has failed to appear at four status hearings despite being ordered to do so. Dkts. 37, 39, 40, 42, 46. On this basis, default judgment against Burgett is appropriate.

In its motion, Genworth seeks an entry of default judgment against Burgett "with an express finding under Rule 54(b) of the Federal Rules of Civil Procedure that there is no just reason for delaying either enforcement or appeal of the default judgment." Dkt. 34. The Rule requires such an express finding when entering "a final judgment as to one or more, but fewer than all, claims or parties." Fed. R. Civ. P. 54(b). However, the need to make such a finding has been obviated because, as discussed further below, Roberts has since made a claim for her entitlement to the Annuity Payments so final judgment as to all parties is now appropriate.

Genworth also seeks to enjoin Burgett from taking any further action against it related to the Annuity and a declaration that it has no further financial liability to Burgett under the Annuity. Dkt. 34. Because the Court has found that interpleader relief is appropriate, Genworth is entitled to an injunction against Burgett and may be released from liability to Burgett. 28

2

U.S.C. § 2361; *see also General Ry. Signal Co. v. Corcoran*, 921 F.2d 700, 707 (7th Cir. 1991) ("[I]t is of course essential that the interpleader court enjoin the institution or prosecution of other suits on the same subject matter elsewhere." (citation omitted)). However, the scope of the discharge and injunction requested is not appropriate because Burgett's default in this action does not terminate all her rights under the Annuity.

As described above, Burgett was named as the Primary Beneficiary in the Annuity and, having received no indication to the contrary, remains as such. The Court's understanding then is that, pending any changes to the terms of the agreement, Burgett will receive the Annuity Payments upon Roberts' death if that occurs before the guaranteed 40-year term expires. If the Court were to grant Genworth's requested relief, Burgett would have no discourse if Genworth failed to distribute the Annuity Payments if/when she becomes entitled to them as Primary Beneficiary. Accordingly, Genworth is entitled to be discharged from further liability to Burgett, and to an injunction preventing Burgett from taking any further action against it, arising out of or relating to the Annuity, except for any claim that Genworth failed to make the Annuity Payments after the Annuitant(s)'s death.

Finally, Roberts seeks a declaration of her entitlement to the Annuity Payments – those previously deposited with the Clerk of the Court and all future payments owed. Dkt. 48. In addressing Roberts' motion for release of funds, the Court will have to decide whether there is a genuine issue of material fact as to whether Roberts, as opposed to Burgett, is entitled to the Annuity Payments. *See Hancock v. Broullard*, No. 10 C 6703, 2011 WL 5141510, at *5 (N.D. Ill. Oct. 25, 2011). Accordingly, the Court will construe this as a motion for summary judgment.[1]

Roberts asserts that she maintained a right of survivorship to the Annuity Payments as a joint annuitant despite the language in her and Lubinski's marital settlement agreement. Dkt. 48. By way of default, Burgett has forfeited any claim of entitlement to the Annuity Payments she may have asserted at this time. *See Farmers New World Life Ins. Co. v. Gathright*, No. 3:18-CV-176-JD-MGG, 2019 WL 13215518, at *3 (N.D. Ind. Sept. 12, 2019). Thus, there is no need to evaluate the merits of Burgett's and Roberts' adverse claims.[2] *See N.Y. Life Ins. Co. v. Conn. Dev. Auth.*, 700 F.2d 91, 95 (2nd Cir. 1983). Roberts then, as the only non-defaulting interpleader defendant, is entitled to the Annuity Payments. *See Combined Ins. Co. of America v. Glass*, No. 14-cv-01458-KMT, 2015 WL 996172, at *9 (D. Colo. Mar. 3, 2015) ("[I]n an interpleader action in which all but one named interpleader defendant has defaulted, the remaining defendant is entitled to the *res*."); *Martin v. First Cont'l Life & Accident Ins. Co.*, 8

---

[1] This interpretation should not take any party by surprise as the Court advised at multiple hearings that a motion such as this, along with Genworth's motion for default judgment, would likely resolve this case in its entirety. *See generally Whitfield v. Walker*, 438 Fed. App'x 501, 503-04 (7th Cir. 2011). Nonetheless, any party who objects to the Court's interpretation of Roberts' motion or would like to respond may do so by 3/4/2026.

[2] Although not necessary, the Court notes that the terms of the agreement provide that Roberts could not be removed as an Annuitant without Genworth's consent. Dkt. 1-2, at 9.

F.3d 21, 1993 WL 455634, at *3 (5th Cir. 1993) (confirming that an interpleader defendant can obtain a favorable decision when the adverse claimants fail to appear).

For the foregoing reasons, it is this Court's report and recommendation to the District Court that:

1. Genworth's motion for default judgment [34] be granted as modified;

2. Marion C. Roberts' motion for release of funds [34] be construed as a motion for summary judgment and granted;

3. Default judgment be entered against Amy Suzanne Burgett pursuant to Federal Rule of Civil Procedure 55(b)(2);

4. Amy Suzanne Burgett be enjoined from commencing or prosecuting any proceeding or claim against Genworth Life Insurance Company or its predecessor GE Life and Annuity Assurance Company in any state or federal court or other forum with respect to proceeds payable under the terms of Annuity Contract Number XXXXX1129, or on account of the death of James Lubinski, until the Annuitant(s)'s death;

5. Genworth Life Insurance Company and its predecessor GE Life and Annuity Company be discharged from any further liability to Amy Suzanne Burgett, or to any person or entity claiming through her, related to Annuity Contract Number XXXXX1129, or on account of the death of James Lubinski, until the Annuitant(s)'s death;

6. Genworth be directed to pay the remaining Annuity Payments to Marion C. Roberts or any designated beneficiary/ies, if Roberts dies before disbursement of the final payment; and

7. The Clerk of the Court be directed to release the funds held in the registry to Roberts in accordance with Local Rule 67.1.

Any objection to this report and recommendation must be filed by 3/4/2026. *See* Fed. R. Civ. P. 72(b). The failure to file a timely objection may result in the waiver of objections on appeal. *See Provident Bank*, 882 F.2d at 260-61.

Entered: February 18, 2026            By: _____

                                          Michael F. Iasparro
                                          United States Magistrate Judge