**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | | |
|---|---|---|
| Genworth Life Insurance Co., | ) | |
| Plaintiff, | ) | |
| | ) | No. 25 CV 50005 |
| v. | ) | Judge Iain D. Johnston |
| | ) | |
| Marion Roberts, *et al.*, | ) | |
| Defendants. | ) | |

**ORDER ADOPTING REPORT AND RECOMMENDATION**

This case involves an annuity and to whom payments should be made following the death of one of the annuitants. Plaintiff Genworth Life Insurance Company initially sent the payments to the joint annuitant, defendant Marion Roberts. But the beneficiary, Amy Suzanne Burgett, alerted Genworth Life to a marital settlement agreement under which Ms. Roberts reportedly no longer had an interest in the annuity, and asserted that Ms. Burgett was now entitled to the payments. Genworth Life filed this interpleader action under 28 U.S.C. §§ 1335, 1397, and 2361.

Before the Court is Magistrate Judge Iasparro's Report and Recommendation [49] that two pending motions be granted: plaintiff Genworth Life's motion for a default judgment against defendant Ms. Burgett as modified, Dkt. 34, and defendant Roberts' motion to disburse to her the annuity payments deposited by Genworth Life and held by the Clerk, Dkt. 48.

The Court begins with the motion for default judgment. On March 3, 2025, a process server left a summons and copy of the complaint with an individual at Ms. Burgett's home. Dkt. 14. After Ms. Burgett failed to answer, the Clerk entered an order of default. Dkt. 24. Since then Judge Iasparro mailed to the address where Ms. Burgett was served notice of four telephonic status hearings and directed her to participate, but she neglected to participate in any of them. Dkts. 37, 39, 40, 42, and 46. She also received notice by first-class mail at the same address of Genworth Life's motion for default judgment and Judge Iasparro's Report and Recommendation, but failed to respond to the motion or object to the Report and Recommendation. Nothing in the record or on the docket suggests that anything sent by the parties or the Court to Ms. Burgett at that address wase ever returned as undeliverable, and so receipt is presumed. *See Tabor & Co v. Gornez*, 356 N.E.2d 1150, 1154 (Ill. App. Ct. 1976). As a result of her default, Ms. Burgett has forfeited any claim of a present entitlement to annuity payments. *See Farmers New World Life Insurance Co.*, No. 18 CV 176, 2019 WL 13215518, 2019 U.S. Dist. LEXIS 155779, at *7-8 (N.D. Ind. Sept. 12, 2019) ("When a named interpleader defendant fails to answer an interpleader complaint and assert a claim to the *res*, he forfeits any claim of entitlement that he may have asserted.") In the motion for default judgment Genworth Life asks for a judgment that extinguishes all of Ms. Burgett's rights under the annuity, but as Judge Iasparro correctly noted, Ms. Burgett remains named as a

beneficiary, and so after Ms. Roberts' death Ms. Burgett would still be entitled to any payments remaining under the 40-year term of the annuity.

Accordingly, and in the absence of any objection by Ms. Burgett, the Court accepts Judge Iasparro's Report and Recommendation [49] to grant Genworth Life's motion for default judgment against defendant Burgett [34] except as modified by Judge Iasparro's Report and Recommendation in that the judgment establishes only that Ms. Burgett is not presently entitled to annuity benefits, but may become entitled as beneficiary if any payments remain after Ms. Roberts' death. However, judgment will not enter at this time. By March 26, 2026, Genworth Life and Ms. Roberts shall submit to the Court's proposed order inbox a draft final judgment consistent with this order.

The Court now turns to Ms. Roberts' motion to disburse to her the annuity payments Genworth has been submitting to the Clerk since filing suit. Given Ms. Burgett's default, the concomitant forfeiture of any assertion of any present entitlement to annuity payments, and in the absence of any objection, the Court accepts Judge Iasparro's Report and Recommendation [49] to grant Ms. Robert's motion to disburse to her funds held by the Clerk deposited by Genworth Life [48]. The disbursement shall be made to Marion C. Roberts, 108 N. Main Street, Suite 201, Galena, Illinois, 61036. However, to obtain funds deposited in the registry, Ms. Roberts must first comply with Local Rule 67.1 by e-mailing a completed W-9 Taxpayer Identification and Certification form to the Clerk's Office at fiscal_ilnd@ilnd.uscourts.gov, before the Clerk will disburse the funds. The form is available at https://www.irs.gov/pub/irs-pdf/fw9.pdf (last visited Mar. 16, 2026). Only after she submits the required form and the Court enters a final judgment will the Clerk disburse the funds.

Date: March 17, 2026   By: _____

            Iain D. Johnston
            United States District Judge

- 2 -